IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Anthony James Robinson, | ) | |
|---|---|---|
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Colby Braun, Warden, | ) | Case No. 1:16-cv-361 |
| Respondent. | ) | |

Petitioner Anthony James Robinson is an inmate at the North Dakota State Penitentiary ("NDSP") in Bismarck, North Dakota. He has filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." The State of North Dakota ("State") has filed a "Limited Motion to Dismiss Section 2254 Petition." The parties have consented to the exercise of jurisdiction by the undersigned. For the reasons set forth below, the State's motion to dismiss is granted, and Robinson's petition is dismissed with prejudice.

## I.  BACKGROUND

Robinson was charged in state district court with the offense of murder. He executed a plea agreement and entered a guilty plea to this offense on October 20, 2011. (Doc. No. 15-2). He was sentenced on January 11, 2012, to term of imprisonment of fifty years with twenty-three years suspended. (Id.). The state district court entered an amended criminal judgment on February 2, 2012. (Id.). Robinson did not file a direct appeal. (Id.; Doc. No. 15-1).

On December 27 2013, Robinson filed an application for postconviction relief in state district court. (Doc. Nos. 15-3 and 15-4). See Robinson v. State, 2016 ND 127, 881 N.W.2d 256. The state district court dismissed the application on motion by the State on January 7, 2016. (Doc. No. 15-3). Its decision was summarily affirmed by the North Dakota Supreme Court in a per curiam

1

dated June 30, 2016.  Robinson, 2016 ND 127. The mandate was issued on July 29, 2016.

On October 12, 2016, Robinson filed a § 22554 petition with this court.[1]  On November 30, 2017, the Government filed a motion to dismiss on the ground that the petition was time barred. Robinson has yet to file a response.

## II.    STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations at 28 U.S.C. § 2244(d)(1) applies to a state prisoner's application for federal habeas corpus relief.  Johnson v. Hobbs, 678 F.3d 607, 610 (8th Cir. 2012).  In this case, pursuant to § 2244(d)(1)(A), the one-year period began to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  See, e.g., Johnson, 678 F.3d at 610.  "Review of a state criminal conviction by the United States Supreme Court is considered direct review of the conviction."  King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) (quoting Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998)).  When the United States Supreme Court has jurisdiction to review the state court judgment and the petitioner does not seek such review, the state court judgment becomes final when the petitioner's time for requesting a writ of certiorari expires.  Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).

Section 2244(d)(2) provides for the tolling of the one-year statutory period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  See, e.g., Johnson, 678 F.3d at 610.  The time between the conclusion of direct review of the state court judgment and the filing of an application for state post-conviction relief counts against the one-year period.  Painter v. Iowa, 247

---

[1] Robinson neglected to sign the petition that was filed on October 12, 2016. (Doc. No. 2).  He remedied this oversight with a submission of a signed petition on November 14, 2016  (Doc. No. 12).

F.3d 1255, 1256 (8th Cir. 2001). "A state postconviction action 'remains pending' for the purpose of federal tolling 'until the application has achieved final resolution through the State's postconviction procedures.'" Steen v. Schuetzle, 326 Fed.Appx. 972, 973 (8th Cir. 2009) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)). A postconviction proceeding appealed to the North Dakota Supreme Court remains pending until the Court issues its mandate. Steen, 326 Fed.Appx. at 974 (citing Finch v. Backes, 491 N.W.2d 705, 707 (N.D. 1992); N.D.C.C. § 28-05-10).

A *pro se* prisoner's habeas petition is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds by Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008). Fed. R. Civ. P. 6(a) generally governs the calculation of AEDPA time limits. Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002).

### III. DISCUSSION

#### A. Application of § 2244(d)(1)(A)

As noted above, Robinson was sentenced on January 11, 2012. An amended judgment of conviction was filed by the state district court on February 2, 2012. Under state rules of appellate procedure, Robinson had thirty days in which to file a direct appeal of his conviction with the North Dakota Supreme Court. N.D. R. App. P. Rule 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed with the clerk of the supreme court within 30 days after the entry of the judgment or order being appealed."). As Robinson did not file a direct appeal, the judgment of conviction became final for purposes of AEDPA and his one-year window in which to file a § 2254 petition commenced on March 5, 2012. See 28 U.S.C. § 2244(d)(1)(A) (stating in relevant part that the one-year period began to run upon expiration of the time for seeking direct review). Cf. In re Jose Carlos Belmont, No. SA–15–MC–856–OG, 2015 WL 12748173, at * 2 (W.D. Tx. Oct. 8, 2015)

3

(citing Mark v. Thaler, 646 F.3d 191 (5th Cir. 2011), for the proposition that, when a "state criminal defendant chose not to file an appeal from his conviction, his conviction becomes final for purposes of the AEDPA's one-year limitations period thirty days from the date of his sentencing."). His deadline for filing a § 2254 petition lapsed on March 5, 2013.

The record reflects that Robinson filed an application for postconviction relief on December 27, 2013, or almost ten months after his one-year window in which to file a § 2254 petition had closed. As Robinson's deadline for petitioning this court for habeas corpus relief lapsed well before he initiated post-conviction proceedings in state district court, his instant petition is time-barred under AEDPA.[2]

**B.    Equitable tolling**

The one-year AEDPA limitations period is subject to equitable tolling in a very narrow range of cases. Holland v. Florida, 560 U.S. 631, 645 (2010) ("Holland"); Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013). A petitioner claiming equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal quotations and citations omitted).

As previously discussed, the one-year statute of limitations period for Robinson to file his federal habeas petition ran from June 3, 2012. His deadline file filing a § 2254 lapsed on June 3,

---

[2] Even if Robinson could have petitioned the United States Supreme Court for a writ of certiorari despite the fact that he had not directly appealed his conviction to the North Dakota Supreme Court, his petition would still have been untimely. Robinson's conviction was final as of March 5, 2012. Operating under the premise that Robinson had 90-days thereafter to file a writ of certiorari, the one-year limitation period under AEDPA would have commenced on June 3, 2012, and lapsed on June 3, 2013, or approximately 6 months before Robinson filed his state petition for postconviction relief.

2013. Notably, there is nothing in the record to evince that he was diligent in pursuing his rights during this time period. See Gordon v. Arkansas, 2016 WL 3027276 (8th Cir. 2016) (asserting petitioner must show reasonable diligence to equitably toll the federal timing rules for filing his federal habeas petition not his state Rule 37 petition). Likewise, there is nothing in the record to suggest that the delay was the result of an extraordinary circumstance that prevented timely filing. Therefore, equitable tolling is not warranted in this case.

    **C.**    **Application of Local Rule 7.1**

D.N.D. Civ. L.R. 7.1(A)(1) provides that, upon service of the dispositive motion, the adverse party has 21 days in which to file a response. Respondent filed the motion to dismiss Robinson's habeas petition that is now before the court November 30, 2016. Attached to the motion is certification that respondent mailed a copy of the motion to Robinson on November 30, 2016.

Forty-three days have now lapsed since respondent filed the motion to dismiss and Robinson has neither filed a response nor requested additional time to prepare his response. The fact that Robinson is proceeding *pro se* does not excuse his noncompliance with the rules of civil procedure. Cody v. Leon, 486 Fed. App'x 644 (8th Cir. 2012) (citing Brown v. Frey, 806 F.2d 801, 804 (8th Cir.1986). Consequently, under D.N.D. Civ. L.R. 7.1. (F), Robinson's failure to serve and file a response with the prescribed time may subject the motion to summary ruling and may be deemed an admission that the motion is well taken.

**III.**    **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also, United States v. Lambros, 404 F.3d 1034, 1036 -1037 (8th Circ. 2005); Garrett v. United States, 211 F.3d 1075, 1076 -1077 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find debatable the court's dismissal of Robinson's petition on the grounds it is untimely. Consequently, the court will not issue a certificate of appealability.

**IV. CONCLUSION**

Respondent's Motion to Dismiss (Docket No. 14) is **GRANTED** the Robinson's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 2) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court